In re GROCERY CENTER, Inc. (two cases).

KARGMAN v. GROCERY CENTER, Inc.

KLEIN v. SAME.

Nos. 5540, 5541.

Circuit Court of Appeals, Seventh Circuit.

April 29, 1936.

As Amended June 4, 1936.

Albert Langeluttig, Wallace I. Kargman, and Herman E. Klein, all of Chicago, Ill., for appellants.

Edward R. Johnston, Abraham Greenspahn, and Albert E. Jenner, Jr., all of Chicago, Ill., for appellee.

Before EVANS, SPARKS, and ALSCHULER, Circuit Judges.

ALSCHULER, Circuit Judge.

The District Court granted a petition, under section 77B of the Bankruptcy Act (11 U.S.C.A. § 207), for the reorganization of this corporate debtor.

Appellants are lawyers representing respectively groups of bondholders under the debtor's bond issue of $2,180,000, which is secured upon real estate of the debtor. They asked, and were granted, intervention in the proceedings, and rendered legal services and incurred expense in the representation.

On February 8, 1935, the debtor, by its attorneys, presented a plan of reorganization, to which objections were filed by appellants on behalf of their clients. The plan was modified in some respects, and was approved by the court; whereupon the court proceeded to pass upon claims of various persons, including appellants, for compensation and disbursements. The court made allowance to various of the claimants, though in each case very materially less than was asked; but the claims of appellants were entirely disallowed, and each appeals.

In passing on their claims the court said: "Mr. Wallace I. Kargman and Herman E. Klein, as attorneys for intervening petitioners, ask, respectively, $2000 and $5000 as fees as attorneys for intervening petitioners whom they, respectively, represent. Messrs. Kargman and Klein were diligent in their attendance at the hearings in this proceeding and were helpful in said proceeding, but the court believes that it cannot begin the practice of making allowances to attorneys for intervenors. To do so, would be a dangerous precedent. Counsel must look to their respective clients for their compensation."

■ We must assume that, as applicable to cases in general arising under section 77B and therefore to these claims, the court declared as a rule of law as well as of practice that there may be no allowance for compensation or disbursements of attorneys for any interveners. Such a pronouncement by the court is, we believe, in contravention of the terms of section 77B(c)(9) of the Bankruptcy Act, which provides that the judge "(9) may allow a reasonable compensation for the services

618

rendered and reimbursement for the actual and necessary expenses incurred in connection with the proceeding and the plan by officers, parties in interest, depositaries, reorganization managers and committees or other representatives of creditors or stockholders, and the attorneys or agents of any of the foregoing and of the debtor, but appeals from orders fixing such allowances may be taken to the Circuit Court of Appeals independently of other appeals. in the proceeding and shall be heard summarily."

Apart from the debtor and his attorney, most, if not, all, of those enumerated in (c)(9) to whom the court may allow compensation and expenses out of the estate assets could appear in the proceeding only by intervention; and so to lay down as a rule of general application that such allowance may not be made to interveners, is in effect substantially to nullify most of (c)(9). With the wisdom of the statute, or the want of it, the courts have no concern. But they may not willfully disregard it in any case or class of cases where it is properly applicable.

 True, the statute provides that the court "may allow," etc. While this gives the court discretion in applying it, this is. not an arbitrary or unreasonable discretion, but a judicial discretion, reviewable where the record discloses its improper or unreasonable exercise. The denial of such a claim upon the sole ground that it would be bad practice and a dangerous precedent to make in any case allowance to attorneys for interveners, would in our judgment be an improper exercise of that discretion, or, more accurately, a failure or refusal to exercise it.

It is contended in appellee's briefs that by its comment in this case the court did not mean to lay down such a rule of general application, nor intend that such a rule should absolutely govern where attorneys for interveners seek compensation out of the debtor's assets. Counsel frankly state, to use their language: "If we believe that Judge Barnes meant to hold that in all cases fees should be denied any counsel representing intervenors, then we would at once confess error."

To obviate any question as to what the court actually said, it was ordered that the language as quoted be incorporated in the court's order, and accordingly it so appears of record. We have no way of

testing what the court had in mind save through its words as the record discloses them.

The order respecting appellants' claims is reversed, and the causes are remanded to the District Court for further proceedings upon the claims in the court's reasonable discretion and not inconsistent with the foregoing views.