**In re T. L. SMITH CO.**

**HEWITT et al. v. T. L. SMITH CO.**

Nos. 5726, 5743.

Circuit Court of Appeals, Seventh Circuit.

April 29, 1936.

Malcolm K. Whyte, of Milwaukee, Wis., for appellants.

Leon E. Kaumheimer, of Milwaukee, Wis., for appellee.

Before SPARKS and ALSCHULER, Circuit Judges, and LINDLEY, District Judge.

ALSCHULER, Circuit Judge.

There is here involved the propriety of the District Court's disallowance of re-

quested compensation and expense in a corporate reorganization proceeding under section 77B of the Bankruptcy Act (11 U.S.C.A. § 207). Quotation from the appealed portion of the final decree will sufficiently indicate the nature of the disallowed claims:

. "It Is Further Ordered and Decreed that the following allowances requested in the petition dated June 13, 1935, be disallowed as a matter of law, to-wit:

"(a) First Wisconsin Trust Company fees as depositary for the noteholders' committee Seven Hundred Seventy-nine and 54/100 Dollars ($779.54).

"(b) Compensation of the noteholders' committee, namely, Arthur M. Hewitt, Paul S. Grant and Richard Czajkowski, One Thousand Dollars ($1,000.00).

"(c) Disbursements of noteholders' committee for printing stationery, etc., Six Hundred Fifty-four and 96/100 Dollars ($654.96).

"(d) Bottum, Hudnall, Lecher, Michael & Whyte, counsel for said noteholders' committee, Two Thousand Dollars ($2,-000.00)."

This cause was copending in the same court with Nos. 5725 and 5742, Bondholders' Protective Committee v. Milwaukee Lodge No. 46 B. P. O. E., 83 F.(2d) 662, which we this day decided. They were decided in the District Court about the same time, and by the same judge, the final decree in each specifying, in substance, that as a matter of law the allowances· asked were not allowable. 12 F.Supp. 854.

In the instant case no opinion was filed; but it is evident that the reasons advanced by the District Court in its opinion in the Milwaukee Lodge Case, to sustain its finding there that the law does not authorize such allowances to claimants who are in position adversary to the debtor, moved the court to its like conclusion in this case, to wit, that the requested allowances must be disallowed as a matter of law.

For the applicable reasons set forth in our opinion in the Milwaukee Lodge Case, we are of the view that the items here involved may not be disallowed as a matter of law, but should be considered and decided upon their merits under the facts of the case, and in the reasonable discretion that under section 77B (c) (9) (11 U.S.C.A. § 207 (c) (9), the court has the power and therefore the duty, to pass upon the merits of the claims, without assuming that as a matter of law they may not be allowed.

The final decree herein is reversed, and the cause is remanded to the District Court for further proceedings consistent herewith.