## In re PARAMOUNT PUBLIX CORPORATION.

### FELDBLUM v. PARAMOUNT PICTURES, Inc.

### No. 428.

Circuit Court of Appeals, Second Circuit.

Sept. 16, 1936.

Adolph Feldblum, of New York City, pro se.

Simpson, Thacher & Bartlett, of New York City (Thomas D. Thacher and Richard Jones, 3d, both of New York City, of counsel), for appellee.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

This is an appeal from an order denying the petition of Adolph Feldblum for an allowance for legal services rendered in connection with his representation of certain creditors of Paramount Publix Corporation who held $8,000 of its unsecured bonds and as such creditors filed an involuntary petition of bankruptcy against that company. He sought compensation in the sum of $3,000 and $20 disbursements.

The involuntary petition was filed on January 26, 1933, prior to the institution of the equity suit for a consent receivership. While appellant did not prepare it, on February 4, 1933, he was substituted as attorney for the petitioning creditors. On February 9, 1933, Paramount filed its answer denying insolvency and the commissions of the acts of bankruptcy and requesting a trial of the issues before a referee. On March 9, it moved for an order referring the issues and requiring the petitioning creditors to furnish a $10,000 bond. The appellant appeared on the return day, argued in opposition, and the bond was fixed by the court at $1,000. On March 10, 1933, Samuel Zirn, as attorney for certain creditors of Paramount, served motion papers seeking to vacate the equity receivership on the ground that the company was insolvent and the receivership was collusive. On March 14, when the motion was made returnable, the attorneys for Paramount notified the appellant that it proposed to file a voluntary petition and to amend its answer in the involuntary proceeding so as to admit its inability to pay its debts and consent to an adjudication. Appellant appeared at the hearings and on several adjournments and took the position that the adjudication should be entered under the involuntary proceeding. However, it was entered in the voluntary one. Thereupon appellant prepared an affidavit setting forth the facts and obtained an order requiring Paramount to show cause why the voluntary adjudication should not be vacated and further proceedings thereunder should not be enjoined, primarily on the ground that it might defeat the rights of creditors to attack preferential transfers alleged to have occurred within four months of the filing of the involuntary petition, yet within more than four months of the adjudication in the voluntary proceeding. While the court denied the motion, it entered an order that the voluntary adjudication should not prejudice any right obtained by the petitioning creditors and that they might proceed with the trial of the issues raised in the involuntary

proceeding if such a step should be found necessary to protect their rights. Appellant claims that the relinquishment by the bank group of nine millions of security for their bank loans was a result in part of his activities. While the latter conclusion is highly questionable, nevertheless appellant did perform services as attorney for petitioning creditors for which he appears to us to have a statutory right of reasonable compensation out of the estate. Section 64b (3) of the Bankruptcy Act, as amended by Act May 27, 1926, 11 U.S.C.A. § 104 (b) (3), directs payment of "the cost of administration, including * * * one reasonable attorney's fee, for the professional services actually rendered * * * to the petitioning creditors in involuntary cases while performing the duties herein prescribed."

When, as seems to be the case, services were performed by the appellant, a reasonable allowance should be made for them. In re Diamond Fuel Co., 6 F.(2d) 773 (C.C.A.2); In re Marcuse & Co., 11 F.(2d) 513 (C.C.A.7); In re Curtis, 100 F. 784 (C.C.A.7). The debtor's voluntary adjudication after resisting adjudication in the prior involuntary proceeding ought not to be the means of depriving the attorney for the petitioning creditors of all compensation. As was said by Brewster, J.: "The fact that the petition was dismissed as a result of an adjudication upon a voluntary petition would only affect the reasonable amount to be allowed, and would not destroy the rights of the creditors to receive out of the estate reasonable compensation for their attorneys." In re Arcadia Print Works, 1 F.(2d) 463, 464 (D.C.Mass.).

The appellant never had to prepare his case for trial. It does not appear that any transfer was voidable under the involuntary proceeding that would not have been voidable under the voluntary one. In view of the situation, we hold that he was entitled to compensation for his services as attorney for the petitioning creditors and that $500 is a reasonable amount.

Accordingly, the order denying compensation should be reversed, and the proceeding remanded, with directions to allow the appellant $500 out of the general estate of the debtor as his compensation, together with his expenses of $20 and the taxable costs upon this appeal.