## In re GROCERY CENTER, Inc.
## KARGMAN v. GROCERY CENTER, Inc.
## KLEIN v. SAME.*
### No. 6190–I.

Circuit Court of Appeals, Seventh Circuit.
May 27, 1937.

*Writ of certiorari denied 58 S.Ct. 47, 82 L.Ed. ——.

Wallace I. Kargman, Herman E. Klein, and Albert Langcluttig, all of Chicago, Ill., for appellants.

Edward R. Johnston, Albert E. Jenner, Jr., and Abraham Greenspahn, all of Chicago, Ill., for appellee.

Before EVANS, SPARKS, and MAJOR, Circuit Judges.

PER CURIAM.

Appellee has filed its motion to dismiss two appeals allowed by the District Court denying fees to two attorneys for services rendered by them and alleged to have been beneficial to the debtor in proceedings for reorganization under section 77B of the Bankruptcy Act (as amended, 11 U.S.C. A. § 207). The ground for the motion to dismiss is that the appeals were allowed by the District Court rather than by this court, and, since the orders from which the appeals are taken involve the allowance of fees, such orders are reviewable only by appeals allowed in the discretion of this court under section 24b (as amended, 11 U.S.C.A. § 47 (b).

Applications had previously been made to this court for the allowance of appeals by these same appellants, and were denied by this court on December 15. We then filed the following memorandum to accompany our order denying leave to appeal:

"Two attorneys petition for appeal from an order of the District Court denying them fees for services rendered in behalf of the owners of certain bonds of the debtor involved in reorganization proceedings under section 77B. These are the second appeals filed by these attorneys. On April 29, 1936, this court held that it was error on the part of the District Court to hold as a matter of law that it had no authority to allow any compensation to at-

torneys for parties intervening in such proceedings, and remanded the causes to that court for further proceedings upon petitioners' claims. Thereafter, both claims were referred to a special master who heard testimony concerning them. The District Court then entered its order again denying both claims. This time the denial was on the ground that their services were unnecessary for the reason that the bondholders' committee adequately represented and protected the best interests of all bondholders, including those represented by petitioners, who held not more than three per cent of the total outstanding bonds of the debtor; that the original plan of reorganization as submitted by the committee was adopted with very slight changes; and that the same results would have been obtained had the petitioners never appeared in the proceedings.

"The District Court reached its conclusion that these claimants were not entitled to compensation on the facts presented to it, and not as a matter of law. The appeals sought would, therefore, present to us questions of fact for our review, and not questions of law. Such questions of fact may not be reviewed by us on appeals allowed under section 24b of the Bankruptcy Act, and the petitions for appeal are accordingly denied."

Appellants construe this opinion to mean that, since a decision of the issue of whether or not the trial court arbitrarily and unreasonably denied their fees requires a consideration of the facts by this court, the proper method of appeal is in accordance with section 24a of the Bankruptcy Act (as amended, 11 U.S.C.A. § 47 (a). They state: "This Court in the series of appeals involving the parties to this appeal has decided that the Appellants here are entitled to a hearing upon the merits in this Court and that the proper way is not under section 24b." We have never so held. All that we decided in our previous denial of appeals to these petitioners was that they were not entitled to the appeals there prayed. It does not follow that they are therefore entitled to the appeals here obtained by leave of the District Court. Cf. In re Kenmore Granville Hotel Corp. and Glen Sheridan Realty Trust, 90 F.(2d) 151, decided by this court March 23, 1937, and reported in CCH Bankruptcy Law Service, par. 4567. Appellants apparently are laboring under the erroneous impression that they are en-

titled as a matter of right to appeals regarding their fee, and, since this court has denied their petitions for appeal under section 24b, it must hear the appeals allowed by the District Court. It is to be noted that the appeals previously heard by this court, wherein we reversed the District Court and remanded the causes for further hearing on the rights of appellants to receive fees, were both allowed by this court for the reason that they presented substantial questions of law which we considered should be reviewed by us. Matter of Grocery Center, Inc., Debtor (C.C.A.) 83 F.(2d) 617.

We think that, whatever doubt may have been felt heretofore regarding the mode of appeal from orders relating to the allowance of fees, the law has now been settled by the last pronouncement of the Supreme Court on the subject, in its decision of Shulman et al. v. Wilson-Sheridan Hotel Co., 57 S.Ct. 680, 682, 81 L.Ed. ——, announced April 26, 1937. That case squarely presented the question, and that question alone, and the court in answering it said: "Appeal could be taken only under section 24b, as amended (11 U.S.C.A. § 47 (b), in the discretion of the appellate court. See Wingert v. Smead (C.C.A.) 70 F.(2d) 351; In re New York Investors, Inc. (C.C.A.) 79 F.(2d) 179; Meyer v. Kenmore Granville Hotel Co., 297 U.S. 160, 166, 56 S.Ct. 405, 407, 80 L.Ed. 557."

Appellants refer to three cases decided by the Court of Appeals for the Second Circuit decided after its decision of the New York Investors Case, supra, cited by the Supreme Court, in which they assert that that court entertained appeals regarding the allowance of fees where the appeals had been allowed by the District Court. See In re Paramount Publix Corp. (C.C.A.) 83 F.(2d) 406; Id. (C.C.A.) 83 F.(2d) 408; Id. (C.C.A.) 85 F.(2d) 596. However, we find nothing in the published reports of those cases to substantiate this contention. Even if it were true, the authority of such holdings would be overruled by the holding of the Supreme Court quoted above.

It is ordinarily the practice of this court to deny motions to dismiss appeals, without prejudice to the right of appellees to renew such motions upon the hearing upon the merits, in order to expedite the business of this court and enable it to dispose of all questions at one hearing. This is particularly true where, as here, appellee waits to make such motion until several months after the allowance of the appeals sought to be dismissed, and some time after the filing of the printed record in the cases. However, where it is clear that there was no right to the appeals allowed, and that this court has no jurisdiction to hear them, then there is no necessity for a hearing on the merits, and we must dispose of the matter on the motion. Since it is clear that the appeals here presented were allowable only in the discretion of this court, which discretion we have already exercised in their denial, the motion of the appellee to dismiss is hereby sustained.