In re STARRETT CORPORATION et al.

SHAINE & WEINRIB et al. v. STARRETT CORPORATION et al.

Nos. 6204, 6205.

Circuit Court of Appeals, Third Circuit.

Sept. 24, 1937.

Hastings, Stockly & Duffy, of Wilmington, Del., Herbert A. Speiser, Maurice J. Speiser, and J. Howard Reber, all of Philadelphia, Pa. (David W. Kahn, of New York City, of counsel), for appellants.

White & Case, of New York City (Glover Johnson and Wm. St. John Tozer, both of New York City, of counsel), for appellees.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

These are appeals from orders of the District Court for the District of Delaware. A reorganization plan for the two above-named debtor corporations was submitted to and approved by the District Court. Various petitions for allowances of fees were presented to the court, among which were the petitions of the bondholders' committee, the Delaware counsel retained by the committee, the New York counsel retained by the committee, and the accountants employed by the committee. The District Judge made an allowance of $5,000 to the committee and $500 to Delaware counsel, but refused any allowance to New York counsel and to the accountants. Section 77B(c) (9) of the amended Bankruptcy Act (11 U.S.C.A. § 207(c) (9), provides that the District Judge "may allow a reasonable compensation for the services rendered and reimbursement for the actual and necessary expenses incurred in connection with the proceeding and the plan by officers, parties in interest, depositaries, reorganization managers and committees or

276

other representatives of creditors or stockholders, and the attorneys or agents of any of the foregoing and of the debtor, but appeals from orders fixing such allowances may be taken to the Circuit Court of Appeals independently of other appeals in the proceeding and shall be heard summarily."

The District Judge found as a fact that the retention of New York counsel for the bondholders' committee was not necessary to the formulation of the reorganization plan and that New York counsel merely duplicated the services rendered by the Delaware attorneys for the committee and the lawyer members of the committee. He also found that the work done by the accountants employed by the committee was unnecessary and did not contribute to the plan. He therefore denied allowances to New York counsel and to the accountants, appellants herein.

 These appeals do not present a situation such as that found in Re Grocery Center, Inc. (C.C.A.) 83 F.(2d) 617; In re Milwaukee Lodge No. 46, B. P. O. E. (C. C.A.) 83 F.(2d) 662; and in Re Memphis Street Ry. Co. (C.C.A.) 86 F.(2d) 891. In each of those cases, relied upon by the appellants, the District Court erroneously held that it had no authority to allow the requested fees. In the instant case, the allowances were refused by the District Judge because of his fact findings that it was unnecessary for the committee to retain New York counsel or employ the accountants and the additional fact finding that the services rendered by New York counsel and by the accountants were duplications of services of the committee members and of accountants for the debtor corporations. If the evidence sustains those fact findings, the District Judge did not abuse his discretion in refusing to make the allowances. As was said in Re A. Herz, Inc. (C.C.A.) 81 F.(2d) 511, 513: "It is not every service that may in some remote degree contribute to the general welfare of the proceeding that the court is bound to compensate under this section of the statute. If it were, the very purpose of the statute would in many cases be frustrated. Every case must stand upon its own bottom and is subject to the exercise of a sound judicial discretion by the trial court, subject to review in the event of abuse." West v. Fradenburg, Webb, Beber, Klutznick & Kelley (C.C.A.) 86 F.(2d) 318.

We find no evidence in the record to convince us that the trial judge abused his discretion.

The orders of the District Court are affirmed.