## In re AMBASSADOR APARTMENTS, Inc.

District Court, W. D. Pennsylvania.

Feb. 21, 1939.

Walter M. Newman, Harry W. Kamin, Alexander H. Hunter, Harold L. Rothman, Weil, Christy & Weil, and McCreery & Wolf, all of Pittsburgh, Pa., for creditors.

E. H. Bane, of Uniontown, Pa., for bankrupt.

SCHOONMAKER, District Judge.

J. Baschcopf, a bondholder of the Ambassador Apartments, Inc., a corporation reorganized in this Court under Section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207, has petitioned the Court to vacate an allowance of $3435 granted by this Court to cover the fees and expenses of the Investors Management Corporation, and the fees of its attorney, Harold L. Rothman, in the reorganization proceedings, on the ground that the activities of the said Investors Management Corporation, in the instant case, amounted to the practice of law in violation of the Pennsylvania Act of May 29, 1935, P.L. 251, 18 P.S. § 2502 et seq.; and that, even in the absence of the statute, the activities of said corporation amounted to an unauthorized practice of law; and that, therefore, the order of court awarding them compensation should be vacated.

The question now presented was not brought to the attention of the court at the hearing on petitions for the allowance of fees; and the allowance was made to the corporation on the theory that it rendered services in the reorganization proceedings compensable under the Bankruptcy Act.

■ We have always been of the opinion that a corporation might lawfully act as a committee for bondholders in reorganization proceedings, both in equity and under Section 77B, and that both the committee and its attorney were entitled to compensation from debtor's estate for services rendered in such proceedings. While the question coming newly before the court on the petition to vacate the allowance to Investors Management Corporation was not considered by the court at the time of making allowances for fees and expenses, we had occasion, in a memorandum we filed in this case on April 9, 1938, to mention the position occupied by Investors Management Corporation in the reorganization proceedings as follows:

"The debtor owned an apartment building in Pittsburgh, its income being derived from rents received from tenants occupying apartments. These incomes were insufficient to pay taxes and expenses of operating the apartment, and interest due on a mortgage of $343,500, which was in default. An appraisal company has appraised the value of the entire holdings of debtor at $228,000.

"In this situation, the debtor itself, on March 10, 1937, in a letter to its bondholders, proposed a plan of reorganization, and, if acceptable, the filing of a petition for reorganization under Section 77B of the Bankruptcy Act. At once, the Investors Management Corporation, a company organized to represent bondholders in corporate reorganizations, offered its services to bondholders of this debtor, by letter of March 17, 1937, soliciting from them written powers of attorney, with the understanding that the Investors Management Corporation would receive, as compensation for its services which would 'cover legal and all other expenses, not to exceed 1% of the par value of the bonds, payable on approval of the Federal Court. There will be no other expenses of any nature. The 1% fee will be payable out of funds accumulated in the hands of the Trustee.' Investors Management Corporation received powers of attorney from a large group of bondholders on the strength of the statements contained in this letter. It then filed an involuntary petition for bondholders for the reorganization of debtor. This brought to the front the other bondholders' committees with the result that a plan of reorganization was proposed by the Investors' Man-

agement Corporation, to which amendments were proposed by the LaSalle Girst group of bondholders and the Grant Moninger group. Other amendments were later proposed by bondholders' representatives, and a final amended plan was submitted to and approved by the Court on October 22, 1937."

And again, in considering the claim of that Company for $3435 and $5000 for its attorney, Harold L. Rothman, we said: "This company interjected itself into this reorganization on its own initiative. It was not retained by any bondholder. It solicited bondholders to represent them on the understanding that its compensation, which would cover legal and other expenses, would not exceed 1% of the par value of bonds. On this representation, we are of the opinion that it is estopped from claiming any greater amount either for corporate fees and expenses or for the fees of its attorney, Harold L. Rothman. It undoubtedly spent considerable time in soliciting bondholders to retain its services, but should expect no compensation for that; and we believe its very solicitation of claims may have made it more difficult to reorganize the company. We will approve its claim at $3435.00, which shall also include the services of Harold L. Rothman, and his petition for special allowance of fees will be denied."

The letter of March 17, 1937, and the power of attorney accompanying the same, are attached to the petition to vacate, as Exhibits "B" and "C" respectively.

This letter recites the plan of reorganization suggested by debtor, and likewise a plan suggested by a Bondholders' Protective Committee; then offers its services to bondholders in the following language:

"Investors Management Corporation believes this reorganization can and should be accomplished without sacrifice on the part of the bondholders and without the inconvenience of depositing bonds, or the excessive expense of a protective committee.

"For its services in consummating such a plan Investors Management Corporation will accept compensation, which will cover legal and all other expenses, not to exceed 1% of the par value of the bonds, payable on approval of the Federal Court. There will be no other expenses of any nature. The 1% fee will be payable out of funds

accumulated in the hands of the Trustee. No assessment of any kind will be made against the bondholders"

and then proposes, if sufficient number of powers of attorney are received, to submit a plan of reorganization to the Federal Court, urging the bondholders to execute the power of attorney enclosed in the letter "in order to enable Investors Management Corporation to effectively represent you."

The power of attorney, Exhibit B, expressly authorizes the Investors Management Corporation as attorney in fact for signing bondholders,

(a) To prepare and file a petition for reorganization under Section 77B of the Bankruptcy Act.

(b) To introduce a plan in such proceeding.

(c) To prepare and file amendments to the plan of reorganization.

(d) To petition the court to appoint one or more trustees.

(e) To petition the court to permit Investors Management Corporation to employ counsel to take legal steps to recover for any wrongful acts on the part of the former management.

(f) To take all such steps and legal proceedings as might be necessary or desirable in order to fully represent and protect the interests of signing bondholders.

The response to this letter having brought a large number of powers of attorney, the Investors Management Corporation thereupon filed a petition in this court for reorganization of Ambassador Apartments, Inc., through its attorney, Harold L. Rothman, who represented no other client in this case, and thereupon took part in all the proceedings which led up to the adoption and approval of a plan of reorganization for the debtor corporation.

■ We cannot find that what the Investors Management Corporation did in the instant case was in violation of the Pennsylvania Act of May 29, 1935, P.L. 251, relative to collection agencies. That act relates to proceedings in Pennsylvania courts and the representing creditors in Pennsylvania courts. However, if what the corporation did in the instant case was to practice law, that would be contrary to public policy, and the corporation could collect no fees for its services.

The contention of the Investors Management Corporation is that it did not practice law, merely acting as a reorganization-manager and a representative of bondholders, and therefore being entitled to just compensation for its services.

■ The provision of the statute under which this claim is made, is found in section 77B(c) (9), 11 U.S.C.A. § 207(c) (9), which reads as follows: " * * * the judge * * * (9) may allow a reasonable compensation for the services rendered and reimbursement for the actual and necessary expenses incurred in connection with the proceeding and the plan by officers, parties in interest, depositaries, reorganization managers and committees or other representatives of creditors or stockholders, and the attorneys or agents of any of the foregoing and of the debtor * * * ." We are of the opinion that a corporation may act as a reorganization-manager, and as a representative of creditors or stockholders. The Investors' Management Corporation acted in both capacities in the instant case, and while we noted in a memorandum opinion filed in this case on April 7, 1938, some criticism of their conduct in these proceedings, and had occasion again to comment on that phase of the case in considering the claim of the company for $3435, and of Harold L. Rothman, its attorney, for $5000, still both the company and its attorney did perform services in the reorganization matter, which we think justified the fee we allowed to the company of $3435 to cover both its own services and those of Harold L. Rothman.

We find, as a matter of practice, that compensation has been allowed to corporations which participated in reorganization cases both in this court and other courts. In Re Pittsburgh Hotels Corporation, D.C., 17 F.Supp. 949, Judge Gibson awarded Property Management, Inc., and its attorney, compensation for services in the reorganization-proceeding as representative of bondholders. In the case of In re Starrett Corporation, 92 F.2d 375, the United States Circuit Court of Appeals of Delaware awarded a corporation which acted as reorganization agents a fee for its services and reimbursement of its expenses. In the case of In re Paramount Publix Corporation, 2 Cir., 83 F.2d 406, an allowance was made to Kuhn, Loeb & Company for formulating a plan of reorganization.

988

Therefore the petition to vacate the allowance to the Investors Management Corporation will be denied. An order may be submitted accordingly.