In re REUKAUFF, SONS & CO., Incorporated.

(District Court, E. D. Pennsylvania. February 24, 1905.)

No. 1,420.

BANKRUPTCY—REVIEW—CERTIFICATION OF QUESTIONS—JURISDICTION OF REFEREE.

Bankr. Act July 1, 1898, c. 541, § 39a, cl. 5, 30 Stat. 555 [U. S. Comp. St. 1901, p. 3436], requires referees to make up records embodying the evidence in all contested matters arising before them, whenever requested to do so by either of the parties thereto, together with their findings therein, and transmit them to the judges; and general order 27 (89 Fed. xi) declares that when a bankrupt, creditor, trustee, or other person shall desire a review by the judge of any order made by the referee, he shall file his petition therefor, etc. Held, that both such sections contemplate a contested matter, and hence a referee has no jurisdiction of his own motion to certify a question not raised by the parties to a bankruptcy proceeding, which the referee foresees may arise, on which he desires to be advised.

[Ed. Note.—Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

In Bankruptcy.

Edwin S. Dixon, for petitioner.

J. B. McPHERSON, District Judge. In my opinion, no question is properly presented to me for decision by the certificate of the referee. The fund in the hands of the trustee consists entirely of the proceeds of personal property that was found upon the premises occupied by the bankrupt under a lease, and was claimed in toto by the landlord under the Pennsylvania statute concerning rent. It also appeared that the bankrupt was probably indebted to the states of Pennsylvania, New Jersey, and New York for taxes, but no claim was made by either state, and no evidence was offered to show the character of the tax or the amount due. The referee made no order either directing or refusing to direct the trustee to pay over the money to the landlord, but of his own motion certified the question whether the taxes had priority to the landlord's claim. There was no petition for review, and, indeed, there was nothing to which such a petition could apply. In effect, the referee is asking the court's opinion on a question which he foresees may arise, upon which he desires to be advised. I find nothing in the bankrupt act or in the general orders or forms to sanction such a proceeding. Section 39a, cl. 5 (Act July 1, 1898, c. 541, 30 Stat. 555 [U. S. Comp. St. 1901, p. 3436]), requires referees to "make up records embodying the evidence, or the substance thereof, as agreed upon by the parties in all contested matters arising before them, whenever requested to do so by either of the parties thereto, together with their findings therein, and transmit them to the judges." General order 27 (89 Fed. xi) is as follows:

"When a bankrupt, creditor, trustee, or other person shall desire a review by the judge of any order made by the referee, he shall file with the referee his petition therefor, setting out the error complained of; and the referee shall forthwith certify to the judge the question presented, a summary of the evidence relating thereto, and the finding and order of the referee thereon."

Both section 39 and the order thus quoted contemplate that there shall be a contested matter, a finding or an order, and a party aggrieved, and I see no indication anywhere that the judge may be required to answer questions before the referee himself takes action. An exceptional case might perhaps call for such instructions, but certainly in the ordinary proceeding the referee must make some order or ruling before there is anything to certify.

The certificate must be dismissed.