CALLAGHAN ET AL., RECEIVERS, *v.* RECONSTRUCTION FINANCE CORP.*

No. 539. Argued February 13, 14, 1936.—Decided March 2, 1936.

---

*Together with No. 540, *Stitt* v. *Reconstruction Finance Corp.* Certiorari to the Circuit Court of Appeals for the Second Circuit.

*Mr. Percival E. Jackson* for petitioners in No. 539.

*Mr. Theodore Stitt,* pro se.

*Mr. Eli W. Debevoise,* with whom *Solicitor General Reed* and *Messrs. James B. Alley* and *Max O'Rell Truitt* were on the brief, for respondent.

MR. JUSTICE STONE delivered the opinion of the Court.

## Nos. 539, 540.

In these cases certiorari was granted because of the public importance of the questions involved, to review the interpretation by the Court of Appeals for the Second Circuit, 79 F. (2d) 187, of the provisions of § 77 B of the Bankruptcy Act governing allowances to trustees and referees in bankruptcy for their services in bankruptcy proceedings when superseded by reorganization proceedings under that section. Number 539, which relates to the allowances of the trustees in bankruptcy, and No. 540, which relates to the compensation of the referee in bankruptcy, will be separately considered.

### No. 539.—*Allowances to Trustees in Bankruptcy.*

Petitioners were trustees in a bankruptcy proceeding which was superseded by a proceeding to reorganize the debtor under § 77 B. The referee in bankruptcy fixed their compensation at $60,000, which the district judge

sitting in bankruptcy increased to $90,000. The same judge sitting in the reorganization proceeding ordered payment of this allowance. The Court of Appeals reduced it to $14,628.50, computed, as provided by § 48 (a) and (e) of the Bankruptcy Act, upon the basis of cash disbursed by them. It held that § 77 B (i) requires that allowances to trustees, for their services in the bankruptcy proceeding, be fixed in conformity to § 48, and that the reorganization court, in so far as it finds them reasonable, direct their payment from the property of the debtor.

Section 77 B (i) provides: "If a receiver or trustee of . . . the property of a corporation has been appointed by a federal, state or territorial court," and appropriate proceedings for a reorganization are afterward had under § 77 B, the trustee or receiver appointed in the reorganization proceedings, or the debtor if no trustee is appointed, "shall be entitled forthwith to possession of such property and vested with its title," and, "the judge shall make such orders as he may deem equitable for the protection of obligations incurred by the receiver and prior trustee, and for the payment of such reasonable administrative expenses and allowances in the prior proceeding as may be fixed by the court appointing said receiver or prior trustee."

It is the contention of petitioners that § 77 B (i), when bankruptcy is superseded by reorganization, authorizes the bankruptcy court to fix reasonable allowances for trustee's services, unrestricted by § 48 or other provision of the Bankruptcy Act, and that it requires payment of the allowances thus fixed except that the reorganization court may reduce them if it finds them excessive.

Petitioners thus construe § 77 B (i) as substituting the test of reasonableness for all other statutory restrictions upon the authority of the prior court to compensate trustees, a result which is reached by reading "reasonable" as

qualifying the authority to fix compensation given by § 77 B (i) to the appointing court. They argue that § 48 was intended only to apply to bankruptcies in which liquidation results; that when, because of the intervening reorganization proceeding, liquidation does not result, § 77 B (i) makes a new grant of power to the court appointing the trustee to fix reasonable allowances without reference to the limitations of § 48; that the interpretation of the court below is inadmissible because of the hardship of inadequate allowances which would ensue in some instances if it were accepted.

We think these arguments ignore the words of § 77 B (i), the policy disclosed by its legislative history, and the policy as well of the Bankruptcy Act, of which it is an integral part. It is the judge in the reorganization proceeding who is to order payment of such reasonable administrative expenses and allowances in the prior proceeding as may be fixed by the court appointing the "prior trustee." Plainly the word "reasonable" seems designed, by qualifying the action of the judge ordering the payment, to enable him to require that allowances, which the statute permits the prior judge to fix, shall not exceed the limit of reasonableness. Compare *Taylor* v. *Sternberg,* 293 U. S. 470; *Gross* v. *Irving Trust Co.,* 289 U. S. 342; *Hume* v. *Myers,* 242 Fed. 827. Only by a strained construction can it be read as a new grant of power to the latter, by qualifying his action and impliedly relieving him of existing limitations upon his authority to make allowances for services rendered by officers of his own court.

That such a grant of power was not intended is evident from the fact that the section applies to the administrative expenses incurred in state court proceedings as well as in bankruptcy. It would require compelling language to justify the conclusion that Congress has undertaken to enlarge or alter the powers of state courts to fix allow-

ances for their own administrative expenses because payment of them is to be effected by a federal court to which the proceeding has been transferred.

In interpreting the section, it is of importance that it is a part of the Bankruptcy Act, to be read with the other sections relating to allowances, and that the allowances are compensation for officers of the court and for expenses incurred in the course of a judicial proceeding conducted for the purpose, among others, of protecting the interests of creditors in the debtor's property. Trustees in bankruptcy are public officers and officers of a court, and the officers of a court, like public officers generally, "must show clear warrant of law before compensation will be owing to them for the performance of their public duties." *Realty Associates Securities Corp.* v. *O'Connor,* 295 U. S. 295, 299.

It has been the consistent policy of Congress that proceedings in bankruptcy and under § 77 B be economically administered. This is evidenced by explicit limitations in §§ 40, 48 of the Bankruptcy Act on fees of referees, trustees and receivers. To exact strict compliance with these sections, § 72 commands: "Neither the referee, receiver, marshal or trustee shall in any form or guise receive, nor shall the court allow him any other or further compensation for his services than that expressly authorized and prescribed in this Act." In recognition of this policy, the limitations upon expenses prescribed by §§ 40, 48, have been strictly construed, even when the compensation allowed was, in special circumstances, materially less than that which otherwise might have been considered reasonable. See *Realty Associates Securities Corp.* v. *O'Connor, supra; In re Detroit Mortgage Corp.,* 12 F. (2d) 889; *American Surety Co.* v. *Freed,* 224 Fed. 333; compare *In re Consolidated Distributors, Inc.,* 298 Fed. 859; *In re Curtis,* 100 Fed. 784, 792. Occasional hardship to the individual is a consideration outweighed by the public interest and the declared policy of Congress.

One of the controlling reasons for the enactment of § 77 B was the desire to reduce the costs of reorganization. See *Continental Illinois National Bank* v. *Chicago, R. I. & P. Ry. Co.*, 294 U. S. 648, 685; Report No. 194, House Judiciary Committee, June 2, 1933, 73rd Cong., 1st Sess.; Report No. 482, Senate Judiciary Committee, March 15, 1934, 73rd Cong., 2d Sess. Section 76, enacted at the same time as § 77 B, provides: "The compensation allowed . . . a trustee shall in no case be excessive or exorbitant and the court, in fixing such compensation, shall have in mind the conservation and preservation of the estate of the bankrupt, and the interest of the creditors therein." Where the attempted reorganization results in liquidation, §§ 40, 48, regulating the fees of referees, receivers and trustees in bankruptcy, are incorporated by reference in § 77 B (k), and are likewise made to control the fees of such officers in the reorganization proceedings.

In all this we find convincing evidence that the settled policy of the Bankruptcy Act, and its specific restrictions upon the allowances to officers, were not to be disturbed by the inclusion, in a new provision for the transformation of an insolvency proceeding into one for reorganization, of permission to the judge in the former to fix allowances. Only amendatory language plainly indicating a purpose to disregard the restrictions of §§ 40, 48, would justify a different conclusion.

No. 540.—*Allowances to the Referee in Bankruptcy.*

Petitioner was the referee in the proceeding in bankruptcy which was superseded by the reorganization proceeding. The district judge allowed him $25,000 for his services in the bankruptcy proceeding, and the same judge, sitting in the reorganization proceeding, ordered it paid. The Court of Appeals reduced the allowance to $1,038.00, computing it in accordance with § 40 of the Bankruptcy

Act. As there had been no disbursement to creditors, the allowance was limited by § 40 to a filing fee and commissions on creditors' claims filed. Adopting the same conclusion which we have reached in No. 539, petitioner does not contend that § 77 B (i) is authority for disregarding the limitations of the other sections of the Bankruptcy Act upon allowances for administration expenses. But he insists that reorganization under § 77 B is a confirmation of a composition so that he is entitled to the allowance authorized by § 40 (a) of "one-half of one per centum on the amount to be paid to creditors upon the confirmation of a composition."

He also relies on § 40 (c), which provides, "In event of the reference of a case being revoked before it is concluded, and when the case is specially referred, the judge shall determine what part of the fee and commissions shall be paid to the referee."

In view of the requirement, already discussed, of strict construction of sections of the Bankruptcy Act fixing fees and allowances of officers, we think neither of the contentions of petitioner is admissible. Section 40 was enacted long before § 77 B, when § 12, dealing *eo nomine* with compositions in bankruptcy, was a part of the Act. Reorganizations now permitted under § 77 B present certain resemblances to compositions under § 12, which have been commented upon as supporting the constitutionality of the reorganization provisions of § 77 or § 77 B. *Continental Ill. Nat. Bank* v. *Chicago, R. I. & P. Ry. Co., supra; In re Central Funding Corp.,* 75 F. (2d) 256; *Campbell* v. *Alleghany Corp.,* 75 F. (2d) 947. But § 77 B contemplates a procedure and results not permissible under § 12. Reorganizations are nowhere referred to in the statute as compositions. Section 77 B (c) (11) applies a different standard of compensation for the master appointed in a reorganization proceeding, with duties corresponding to those of a referee in bankruptcy, from

that established by § 40. If reorganization is abandoned in favor of liquidation, a referee may be appointed to whose compensation § 40 is expressly made applicable by § 77 B (k). These are persuasive reasons for concluding that neither § 40 nor § 77 B is to be construed as recognizing that a reorganization is the equivalent of a composition for the purpose of fixing referees' fees under § 40 (a).

Section 40 (c) relates only to the allocation of fees allowed under § 40 (a) in the event that the reference is revoked or the case is specially referred. But here the reference has not been revoked nor the case specially referred, and, for reasons already given, no fees to the referee in addition to those allowed by the court below are authorized under § 40 (a).

*Affirmed.*