898

**In re WILSON–SHERIDAN HOTEL CO.**

**SHULMAN et al. v. WILSON–SHERIDAN HOTEL CO. et al.***

No. 5936.

Circuit Court of Appeals, Seventh Circuit.

Dec. 9, 1936.

Rehearing Denied Jan. 4, 1937.

Meyer Abrams, of Chicago, Ill., for appellants.

*Writ of certiorari granted 57 S. Ct. 509, 81 L. Ed. ——.

C. S. Bentley Pike, of Chicago, Ill., for appellees.

Before EVANS, Circuit Judge, and LINDLEY and BRIGGLE, District Judges.

LINDLEY, District Judge.

Prior to institution of proceedings under 77B of the Bankruptcy Act as amended (11 U.S.C.A. § 207), a foreclosure suit had been instituted and prosecuted in the state court against the debtor's property. Appellants, representing a bondholder, intervened therein and attacked the fees allowed in the decree of foreclosure. The court upon hearing modified the decree, reduced the fees and allowed counsel a fee of $2,250 for services rendered for the estate, to be paid "in due course of administration." Upon initiation of the 77B proceedings, the District Court took jurisdiction and, during the course of administration, in fixing fees, disallowed all of the $2,250, except $500, which had been paid prior to bankruptcy proceedings, upon an order of the state court entered subsequent to the order of allowance. From the action reducing the fee, appellants appeal.

Immediately confronting us is the question of the sufficiency of the appeal perfected. If the order was appealable under section 24b of the Bankruptcy Act, as amended (11 U.S.C.A. § 47(b), then the appeal could be allowed only by the Circuit Court of Appeals, for the act so provides.

That the order was an administrative order, allowing fees for administrative services in the prior proceedings, is apparent from the order of the state court that the appellants "be allowed the sum of $2250 for services rendered by them for the benefit of the trust estate, said sum to be paid in due course of administration." Subsection (i) of section 77B (11 U.S.C.A. § 207(i) gives to the bankruptcy court the power to pass upon and allow "reasonable administrative expenses and allowances in prior proceedings." Concerning this section, Mr. Justice Stone in Callaghan v. Reconstruction Finance Corp., 297 U.S. 464, 56 S.Ct. 519, 520, 80 L.Ed. 804, said:

"It is the judge in the reorganization proceeding who is to order payment of such reasonable administrative expenses and allowances in the prior proceeding. * * * Plainly the word 'reasonable' seems designed, by qualifying the action

of the judge ordering the payment, to enable him to require that allowances, which the statute permits the prior judge to fix, shall not exceed the limit of reasonableness. Compare Taylor v. Sternberg, 293 U.S. 470, 55 S.Ct. 260, 79 L.Ed. 599; Gross v. Irving Trust Co., 289 U.S. 342, 53 S.Ct. 605, 77 L.Ed. 1243, 90 A.L.R. 1215; Hume v. Myers (C.C.A) 242 F. 827."

An allowance to an attorney for services contributing to the trust estate has never been regarded as a judgment allowing or rejecting "a debt or claim," from which an appeal applies as a matter of right under section 24a, as amended (11 U.S.C. A. § 47(a). In re New York Investors (C.C.A.) 79 F.(2d) 179, 181, and cases there cited. Such allowances are for administrative expenses, and the orders thereon arise out of "proceedings in bankruptcy" and are appealable under section 24b. In re New York Investors, supra. Regarding the character of such an allowance made in a prior proceeding, in Hume v. Myers, 242 F. 827, 830 (C.C.A.4), the court said:

"But orders for such allowances are purely administrative, subject to entire disallowance or change by either increase or decrease with the development of the administration."

This language was approved by this court in Re Insull Utility Investments, Inc., 74 F.(2d) 510.

The fact that appellants filed a so-called "claim" does not alter the situation. The hearing below was, in its essence, one to determine, in a proceeding in bankruptcy, what should be allowed as an administrative expense. Obviously the allowance was an administrative expense, and the order of the District Court regarding the same was, therefore, appealable only under section 24b of the Bankruptcy Act. Wingert v. Smead, 70 F.(2d) 351 (C.C.A.4). "Inasmuch as the 77B court may reduce compensation allowed by a prior insolvency court, if it has been fixed at more than a reasonable amount, there can be no ground for distinguishing between the mode of review of an order for administrative expenses and allowances in prior proceedings made under section 77B (i) and the mode of review of an order made in an ordinary bankruptcy court for the payment of similar allowances." In re New York Investors, supra.

There having been no allowance of the appeal by this court, we are without jurisdiction, and the appeal must be and is dismissed.