### KIMM et al. v. BRECKE et al.
### No. 12002.

Circuit Court of Appeals, Eighth Circuit.

Sept. 8, 1942.

See also, 8 Cir., 130 F.2d 721.

Seth Lundquist, of Minneapolis, Minn. (D. J. Shama, of Minneapolis, Minn., on the brief), for appellants.

Benedict Deinard, of Minneapolis, Minn. (Oscar A. Brecke, of Minneapolis, Minn., on the brief), for appellees.

Before STONE, WOODROUGH, and JOHNSEN, Circuit Judges.

STONE, Circuit Jodge.

This is an appeal, by unsecured creditors, from an order of allowance of fees to counsel for the trustee in the bankruptcy proceeding of the Calhoun Beach Club Holding Company.

Appellants present three points here which are as follows:

"I. The appellees are disqualified by reason of their adverse interests and therefore are not entitled to any fees.

II. The newly-discovered evidence calls for re-examination of the qualifications· of the appellee officers of the court.

III. Assuming the right of appellees to any fees, the allowance made was excessive."

This appeal is one of four (our Nos. 12,001, 12,002, 12,003 and 12,004) concerning orders in this bankruptcy proceeding. These appeals were submitted at the same time and an opinion in each is filed today. The matters presented here in points I and II above were involved in appeal No. 12,001 and are determined adversely to appellants in the opinion filed today in that appeal. This leaves only point III for examination.

Excessive Allowance.

June 4, 1938, the Court made an order which covered two matters. The first was a nunc pro tunc change in an order of May 22, 1933, whereby the earlier order was changed from a general employment of these counsel for the trustee to a special employment covering the prosecution of an action on a contractor bond given by the Joseph A. Holpuch Company as principal and the Fidelity and Casualty Company as surety. The second matter authorized employment of these counsel by the trustee "for the purpose of closing the above estate and taking all proceedings necessary to that end under a general retainer." This allowance is for services of counsel, under this general retainer, for a period from September 23, 1938, to March 21, 1939.

In his certificate on review, the referee stated that the testimony on this application "was taken at length * * * over a period of many days and before a court reporter." The certificate contained "a summary of the evidence relating" to this issue and various exhibits were attached to the certificate. No transcript of the evidence was returned. No objection was made by petitioners to the form or the substance of this certificate and the review was presented thereon. In preparation of the record on this appeal, appellants sought to include transcript of the evidence of three witnesses. On motion by appellees, this was excluded by the trial court because such evidence "was not included in the Certificate of the Referee dated August 1, 1939 upon which said order of this court of January 2, 1941 was based, and was not certified to this court by the Referee and was not considered by this court, and does not constitute a proper part of the record on appeal." No issue is raised here as to such exclusion. In this situation, we are relegated to the summarization of the evidence as contained in the certificate (see In re Fineman, D.C.Md., 32 F.Supp. 212, 213, 214, and In re Burntside Lodge, D.C.Minn.,

7 F.Supp. 785, 786) and the attached exhibits. This entire summary is stated in the footnote.[1]

This Court has said that an allowance of attorney fees in a bankruptcy proceeding should not be disturbed on ap-

[1] "Reasonable Value of Services

"The first question is the reasonable value of the Petitioners' services. The following facts appear from the testimony taken, as well as from the records and files in this bankruptcy proceeding. On June 4, 1938, pursuant to the petition of the Trustee herein, this Court duly made and entered its Order authorizing said Trustee to employ Benedict Deinard and Oscar A. Brecke as his attorneys to render all legal services necessary in the closing of the above bankrupt estate. Pursuant to such Order of appointment the Petitioners rendered legal services for the Trustee on and between September 23, 1938, and March 21, 1939. The particulars of such services, and the time spent by said attorneys, are set forth in detail in the bill of particulars (Exhibit A) attached to their Petition. All of the services detailed on the itemized statements were actually rendered by the Petitioners. No evidence was offered, in any way, impeaching the correctness of such statements.

"In addition to numerous items of routine services, the following principal items of services were performed by the Petitioners:

"(a) The Petitioners represented the Trustee in opposition to a number of claims, and as a direct result of their services the following claims were disallowed:

"Darrow, Smith, Cronson & Smith         $10,000.00
"This claim had already been allowed. It was reopened upon motion of attorneys for Trustee against objections, considered, and then disallowed.

"Mendelson & Sutterman   $12,000.00
"Murphy & Simenstad     $ 2,000.00
"Bismarck Hotel         $ 323.11
"This claim had also been previously allowed. It was reopened on motion of attorneys for Trustee, considered and then disallowed.

"The Petition of Main-East Prairie Road Gardens Syndicate to file nunc pro tunc an alleged lost claim in the amount of $49,500.00, was denied.

"The claim of Harry G. Foote, former President of the bankrupt, for $2030.00 is still pending, testimony having been closed.

"The claim of Norman W. Remole, a member of the Creditors' Committee, for $375.00 and $690.75, had been previously allowed. Upon motion of the Trustee against the objection of the claimant the claim was reopened for further consideration. Mr. Seth Lundquist appeared for the claimant. After hearing the evidence in part a continuance was had to permit claimant to submit further evidence not then available in support of his claim. Following the receipt of this evidence, counsel for the Trustee withdrew their objection and consented to the order allowing said claim, and the claim was allowed at $1,065.75.

"(b) The Petitioners also defended the Trustee in an action brought by the Calhoun Beach Holding Company against the Trustee in the District Court of Hennepin County, to recover all of the assets of the bankrupt estate, and procured an Injunction from this Court restraining the prosecution of said action and requiring its dismissal.

"(c) The Petitioners also represented the Trustee in his application to re-examine the general claims of Harry S. Goldie heretofore allowed in the amount of $50,000.00, and the claim of said Goldie for an allowance of expenses of administration heretofore stipulated to be allowed in the amount of $1,500.00. This Petition was granted.

"(d) The Petitioners also defended the Trustee and themselves against a recent Petition of Harry S. Goldie for the removal of the Trustee and his attorneys, which Petition was first denied by the undersigned and later was dismissed on the merits by this Court and stricken from the file.

"More than 50 days of actual time was consumed in the performance of these services during the period covered by this application.

"All of said services were necessary in connection with the administration and closing of the estate, and were rendered in good faith for the benefit of the estate; and the estate has derived substantial benefit from said services. Petitioners have received no payment on account of these services. The Petitioners sought an allowance of $2,500.00; the undersigned found that said services were reasonably worth the sum of $2,000.00, and allowed at that amount. In making such allowance the Referee took into consideration the amount and character of the services performed, the result accomplished, the benefit accruing to the estate, as well as all of the facts and circumstances connected with said services and the entire administration of this estate."

690

peal "unless there is a clear abuse of discretion" or the fees allowed are "clearly excessive or clearly inadequate". Silver v. Scullin Steel Co., 8 Cir., 98 F.2d 503, 505, 506. Also, see Hugg v. Crooks, 8 Cir., 122 F.2d 366, 368. From the record before us we cannot say that the allowance of $2,000.00 here was so clearly excessive that we should substitute our judgment for that of the trial court and of the referee, both of whom are more acquainted with the situation than we can be from the bare printed record. However, we should add that, considering the earlier allowance ($7,750.47) and the amount of assets in this estate ($31,021.89), there should be no further substantial allowance unless future litigation arises requiring unusual effort upon the part of counsel. In bankruptcy proceedings, it sometimes happens that services of counsel cannot be compensated as fully as might otherwise be. Callaghan v. Reconstruction Finance Corporation, 297 U.S. 464, 468, 56 S.Ct. 519, 80 L.Ed. 804; Butzel v. Webster Apartments Co., 6 Cir., 112 F.2d 362, 367; In re Standard Gas & Elec. Co., 3 Cir., 106 F.2d 215, 217; In re Curtis, 7 Cir., 100 F. 784, 792.

The order must be and is affirmed.