### In re CHARLES RAY GLASS, Inc.
#### No. 39631–H.

District Court, S. D. California,
Central Division.

Oct. 29, 1942.

John K. Ford, of Los Angeles, Cal., for petitioner.

Nat Rosin, of Los Angeles, Cal., for trustee.

YANKWICH, District Judge.

The petitioner is the attorney for the bankrupt in a pending voluntary proceeding. On February 7, 1942, he filed his verified petition before the Referee praying for an order confirming and approving the payment to him, as attorney for the bankrupt, out of the bankrupt's estate, of the sum of $350, which he had already received.

The matter was heard on September 15, 1942. The petitioner was the only person who testified. On September 16, 1942, the Referee, the Honorable Hubert F. Laughran, allowed the petitioner the sum of $150 only as his fee and surcharged him with the sum of $200, which he ordered him to repay to the trustee.

As a basis for his decision, the Referee found that the balance of funds on hand for the payment of expenses of administration and distribution to creditors was approximately $550. And further "that there were no services of any unusual nature or unusual complexity rendered by the said attorney; that in addition to the preparation of the schedules and attendance at the first meeting of creditors, that the principal additional services rendered by the counsel for the bankrupt was the search and investigation conducted by the said counsel as to the names and addresses of creditors and amounts owing thereto by the bankrupt, which said additional work, was occasioned by the incomplete books and records of the bankrupt."

He concluded "that the amount of $150.-00 is a fair and reasonable compensation to be allowed to the attorney for the bankrupt herein for the services performed, considering the size of the estate, the time involved and the complexity of the problems presented."

This is a petition to review the order of the Referee.

I think the Referee was right.

The services rendered by the bankrupt's attorney were the usual ones incidental to the preparation of the petition and schedules. This he conceded when he testified before the Referee. He also admitted that there was nothing "unusual in the case"

The Bankruptcy Act, 11 U.S.C.A. § 1 et seq., does not sanction a definite schedule or a minimum schedule of fees in bankruptcy cases for anyone. Reasonableness is the only test in the allowance of fees, whether we deal with ordinary bankruptcy or with the more recent extensions of the Bankruptcy power, such as proceedings in reorganization and the like. See my opinion in Re Owl Drug Co., D.C.Nev. 1936, 16 F.Supp. 139; Callaghan v. Reconstruction Finance Corporation, 1936, 297 U.S. 464, 56 S.Ct. 519, 80 L.Ed. 804; Dickinson Industrial Site v. Cowan, 1940, 309 U.S. 382, 388, 60 S.Ct. 595, 84 L.Ed. 819; Woods v. City Nat. Bank & Trust Co., 1941, 312 U.S. 262, 61 S.Ct. 493, 85 L.Ed. 820; Dee v. United Exchange Bldg., 9 Cir., 1937, 88 F.2d 372. The fees allowable to the attorney for the bankrupt in a voluntary proceeding are limited to services rendered prior to the bankruptcy in the preparation of the schedules, securing the adjudication and attending the first creditors' meeting. Other services rendered before the appointment of the trustee, are compensable only when they are beneficial to the estate. See In re Owl, supra, 16 F. Supp. at pages 145, 146. Reasonableness is a question of fact. In re American Mail Line, 9 Cir., 1940, 115 F.2d 196, 198. And in determining it, we are not bound by what the insolvent debtor considers such. In fact, Section 60, sub. d, of the Bankruptcy Act of 1938, postulates that an in-

solvent debtor might, in contemplation of bankruptcy, be unduly generous in compensating his attorney. So it provides for the re-examination of such transaction by the Court. On such re-examination, the Section commands, the payment "shall be held valid only to the extent of a reasonable amount to be determined by the court, and the excess may be recovered by the trustee for the benefit of the estate." 11 U.S.C.A. § 96 sub. d.

 I think that the Referee who heard the matter and considered, in the light of the files before him and of his experience, the legal work which the services entailed, assayed them correctly. His findings must be sustained unless they are clearly erroneous. Weisstein Bros. & Survol v. Laugharn, 9 Cir., 1936, 84 F. 2d 419, 420. The Referee was right in declining to consider the time spent as the sole criterion. It is only one of the elements which enter into the determination of reasonableness. The other elements are the nature of the work, the necessity for spending the time claimed, the amount and character of the assets and liabilities, and the like. It is claimed that because the books of the bankrupt were under attachment, more work was required than ordinarily. The company had an auditor and if the attorney chose to do the auditor's work, the referee was right in not considering the work as a part of "legal" services. An attorney should not be compensated at lawyer's rates for the work which a clerk or amanuensis can do cheaper, if not better.

The order of the Referee is affirmed.