Ben WILLIAMSON, Jr., and Fannie G. Williamson

v.

UNITED STATES of America.

No. 470.

United States District Court
E. D. Kentucky,
Catlettsburg Division.

Nov. 13, 1961.

Campbell, McNeer, Woods & Bagley, Robert K. Emerson, Huntington, W. Va., Gray & Woods, Porter M. Gray, Ashland, Ky., for plaintiffs.

Louis F. Oberdorfer, Asst. Atty. Gen., Jean L. Auxier, U. S. Atty., Lexington, Ky., Herbert L. Awe, Lyle M. Turner, Jerome Fink, Solomon Fisher, Attys., Dept. of Justice, Washington, D. C., for defendant.

SWINFORD, District Judge.

The plaintiffs are husband and wife and filed joint federal income tax returns for the years 1954 and 1955. They seek to recover taxes for these years in the sum of $20,231.62, with interest, which they allege were erroneously and illegally assessed and collected. This action involves only Ben Williamson, Jr. who will be referred to as taxpayer.

Inland Gas Corporation, Kentucky Fuel Gas Company and the American Fuel and Power Company became insolvent in 1930 and were before the court, first, under an equity receivership proceeding, later under Section 77B of the Bankruptcy Act and finally in a corporate reorganization proceeding under Chapter X of the Bankruptcy Act.

Taxpayer was appointed co-trustee of Inland and Kentucky on May 5, 1937. On July 1 of that year he became sole trustee and has continued to serve in that capacity.

At the time of his appointment it was recognized by the court that the magnitude of his responsibilities could not be adequately compensated for out of the liquid assets of the estate. He was given a drawing account of $1,000 per month which was considered by the court the maximum amount that the estates could afford to pay. It was understood between taxpayer and the presiding judge that adequate compensation would be paid to him if and when the assets of the estate would justify it and that upon proper showing and application ad interim allowances covering partial payment for all services previously rendered by him would be made.

After serving four years taxpayer sought to resign as trustee due to personal reasons and in view of the fact that he was making a financial sacrifice by devoting his time to the trusteeship to the neglect of extensive private enterprises. He was dissuaded from taking this action by the court and upon representation by the court that he would be compensated for each year of his service he consented to continue as trustee.

On petitions between the years 1946 and 1952 ad interim allowances were made in the aggregate sum of $209,700. Orders of the court making these allowances are contained in the record as exhibits. A similar procedure and orders were had in the years 1954 and 1955, and the ad interim allowances received during these years were $26,000 and $83,000, respectively.

The sole issue presented is whether or not the ad interim allowances for 1954 and 1955 can be considered as back pay within the meaning of Section 1303 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 1303.

■ The decision rests solely upon the determination of the definition of the term "employee" as used in the statute. As pertinent to the facts and issues of law involved the statute provides as follows:

"(a) Limitation on tax.—If the amount of the back pay received or accrued by an individual during the taxable year exceeds 15 percent of the gross income of the individual for such year, the part of the tax attributable to the inclusion of such back pay in gross income for the taxable year shall not be greater than the aggregate of the increases in the taxes which would have resulted from the inclusion of the respective portions of such back pay in gross income for the taxable years to which such portions are respectively attributable, as determined under regulations prescribed by the Secretary or his delegate.

"(b) Definition of back pay.—For purposes of this section, the term 'back pay' means amounts includible in gross income under this subtitle which are one of the following—

"(1) Remuneration, including wages, salaries, retirement pay, and other similar compensation, which is received or accrued during the taxable year by an employee for services performed before the taxable year for his employer and which would have been paid before the taxable year except for the intervention of one of the following events * * *."

The record discloses the years of service and the very capable way in which taxpayer discharged the duties of the trust imposed upon him by the federal court. By excellent business acumen and application to the responsibilities of his position, he satisfied obligations of the corporations and managed the affairs to the end that a reorganization has been effected. In consideration of the vast amount of detail, the wide field of endeavor which the functions of these corporations entailed and the long period of time covered, to say nothing of the large amount of money involved, the compensation allowed this taxpayer was reasonable and fair.

This action might be said to fall within the category of Zillmer v. United States, D.C., 133 F.Supp. 219, 222, where,

in rendering the decision, the court stated:

"The Court comes to this conclusion reluctantly feeling that this is a 'hardship case' and might well have been included in the relief afforded by the statute. Nevertheless, the Court feels that under the law and regulations, regardless of the inequities, plaintiffs are not legally entitled to the relief sought."

In Scofield's Estate v. C. I. R., 266 F. 2d 154, 164, the Court of Appeals for the Sixth Circuit held that a trustee is not an employee of a trust and that he is not an agent of the trust. The attorneys for taxpayer undertake to distinguish the Scofield case from the case at bar on the ground that the Scofield case was dealing with a private real estate trust. That may be a distinction, but it is one which this court cannot make and will have to be made, if at all, by the appellate court. I do not think it is a valid distinction as we are dealing here not with particular circumstances but with the determination of the functions of trustees generally. Had the Congress seen fit to include trustees as employees within the meaning of the statute it could have said so.

An employee and a trustee in bankruptcy are two entirely different things. This trustee is like a receiver, an officer of the court, appointed by the court, directed by the court and paid by the court from funds in the court. Cromelin v. United States, 5 Cir., 177 F. 2d 275; Callaghan v. Reconstruction Finance Corp., 297 U.S. 464, 468, 56 S. Ct. 519, 80 L.Ed. 804. He is an officer of the court and not an employee of the corporations involved in the reorganization proceedings. In re Park Brewing Co., D.C., 48 F.Supp. 750. He is vested by operation of law with a title to the property. 11 U.S.C.A. §§ 110(a) and 586. It is traditional in the law that trustees should be regarded as principals and not as employees. Griswold v. United States, D.C., 36 F.Supp. 714, aff. 1 Cir., 124 F.2d 599.

The statute is remedial in character. Its terms relieve a taxpayer against the injustice of having to pay on a greater income than he would have if earlier payments had not been prevented by circumstances beyond his control. To that extent it provides an exemption and therefore places upon the taxpayer the burden of bringing himself squarely within its terms. Exemption statutes, even though remedial, must be strictly construed. If hardship results, the remedy lies in amendment to the statute and not in judicial construction. See Zillmer v. United States, 7 Cir., 233 F.2d 912, and cases cited in that opinion.

The court has been furnished excellent briefs by both the plaintiffs and defendant. It is obvious that exhaustive research has been made, but the court's attention is called to no case where a trustee or one serving in a trust capacity under an appointment of a court has been held to be an employee or has been exempted from taxation as an employee.

An income tax deduction is a matter of legislative grace and the taxpayer claiming the deduction has the burden of clearly showing his right to such deduction. Interstate Transit Lines v. Com'r, 319 U.S. 590, 593, 63 S.Ct. 1279, 87 L.Ed. 1607.

In calculating net income for taxation, a deduction from gross income is allowable only if there is clear statutory provision therefor. Deputy v. DuPont, 308 U.S. 488, 60 S.Ct. 363, 84 L.Ed. 416; New Colonial Ice Co. v. Helvering, 292 U.S. 435, 54 S.Ct. 788, 78 L.Ed. 1348.

It is urged by the attorneys for the plaintiffs that the case of Howard v. United States, D.C., 161 F.Supp. 527, decided by this court on February 24, 1958, is authority for a decision in their favor. There is a marked distinction between the Howard case and the case at bar. In that case the court found that Mr. Howard was subordinate to the primary attorneys of record for court appointed receivers. The evidence sustained the fact that he was not acting in the nature of a trustee with authority

which such office entails or that he had any policy making responsibilities. He was found to be an attorney-manager acting under the direction of a court receivership and subordinate to the general attorneys of record for the receiver. He could not have been found to be an officer of the court as taxpayer in the present litigation must admittedly be.

It is the judgment of the court that the complaint should be dismissed at the plaintiffs' cost.

Findings of fact, conclusions of law, and judgment are this day entered.