**In re ENDECO, INC., formerly aka Environmental Development Corporation of North Dakota, aka EDC, Inc., Lincorp, Cavalier Estates, Inc., Environmental Development Corp., Inc., E.D.C., Inc., Debtors.**

Bankruptcy No. 73–183.

Nos. W73–109, W73–116, W73–114 and W73–115.

United States Bankruptcy Court, D. North Dakota, Southwestern Division.

Aug. 28, 1979.

William Yuill, Fargo, N.D., for James H. Herzog, former trustee.

Alice K. Olson, Fargo, N.D., for James McMerty, Successor Trustee.

James R. Britton, and Gary Annear, Fargo, N.D., for United States Government.

James L. Lamb, Grand Forks, N.D., for Argonaut Insurance Co.

H. Patrick Weir, Fargo, N.D., for secured banks.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

JACOB DIM, Referee and Special Master.

On the 27th day of August, 1979, the above entitled matter came on for hearing before the Honorable Jacob Dim, Referee and Special Master, pursuant to petitions for compensation and expenses filed on April 10, 1979 by Mr. James H. Herzog, former Trustee in the above matters.

Mr. James McMerty, Successor Trustee, in opposition to said petitions, sought a denial of the same and sought to recover such fees and expenses, *inter alia*, as had been previously paid or received by said James H. Herzog.

Also appearing in opposition to Mr. James H. Herzog's petitions and seeking a return of commissions paid to said former trustee, James H. Herzog, were the United States Government, Argonaut Insurance Company, secured banks and stock holders.

Mr. William Yuill, Attorney at Law, appeared for James H. Herzog. Alice K. Olson, Attorney at Law appeared for James McMerty, Successor Trustee and Mr. McMerty appeared in person. James R. Britain, United States Attorney and Gary Annear, Assistant United States Attorney appeared for the United States Government. James L. Lamb appeared as attorney for Argonaut Insurance Company. H. Patrick Weir appeared as attorney for the secured banks. Mary Cahill of Norman E. Mark Court Reporter Service reported this matter.

The Court being advised in the premises, having heard the stipulations of the parties, the evidence introduced at said hearing together with all of the files, records and proceedings in the above entitled matter makes the following:

## FINDINGS OF FACT

1. On September 20, 1973 Endeco, Inc. filed a petition seeking relief under Chapter X of the Bankruptcy Act. On October 10, 1973 Lincorp, Cavalier Estates, Inc. and Environmental Development Corp., filed petitions seeking relief under Chapter X of the Bankruptcy Act.

2. On September 24, 1973, James H. Herzog was appointed Trustee in the Endeco, Inc., file. On October 10, 1973, James H. Herzog was appointed Trustee in the Lincorp, Cavalier Estates, Inc. and Environmental Development Corp., cases.

3. On March 15, 1974 an Order was entered authorizing the following monthly payments of compensation as to said Trustee, conditioned upon his filing quarterly reports and after a hearing on said quarterly reports:

| Number | Name | Allowed per month |
|---|---|---|
| W73–109 | ENDECO, INC. | $3,000.00 |
| W73–114 | CAVALIER ESTATES, INC. | $1,000.00 |
| W73–115 | ENVIRONMENTAL DEVELOPMENT CORP. | $ 750.00 |
| W73–116 | LINCORP, | $ 500.00 |

4. That the amounts of the compensation authorized by Court Orders paid to Mr. James H. Herzog from September 21, 1973 to November 22, 1976 was $108,510.00.

That in addition Mr. Herzog paid himself compensation without Court Order of an additional $495,450.00.

That an additional $106,700.00 was paid to Mr. Herzog as compensation without Court Order.

That the total of the compensation paid to Mr. Herzog as shown above has been stipulated to be $710,660.00 (of which $603,960.00 is shown on Exhibit 1 attached to the Brief submitted by Lyle W. Kirmis, Attorney at Law).

5. That in addition, Mr. Herzog received up to November 22, 1976 expenses in the amount of $7,466.01.

6. That on April 10, 1979 James H. Herzog filed fee petitions as follows:

| Number | Case | Compensation | Expenses |
|---|---|---|---|
| W73–109 | ENDECO, INC. | $360,203.75 | $11,481.04 |
| W73–114 | CAVALIER ESTATES, INC. | $ 61,017.50 | $ 113.60 |
| W73–115 | ENVIRONMENTAL DEVELOPMENT CORP. | $ 27,303.75 | 8.00 |
| W73–116 | LINCORP, | $ 21,866.25 | –0– |

7. That said fee petitions were opposed as above stated.

8. That the above reorganization matters were and are complex and involved cases.

9. That in testimony before the Grand Jury, James H. Herzog testified that he estimated the net worth of Endeco in November, 1973 to be $5,500,000.00, of Cavalier Estates to be $579,000.00, of Environmental Development Corp. to be $447,000.00 and Lincorp to be $338,400.00.

That he testified that shortly prior to December 12, 1978 the value of Endeco was $2,100,000.00, Cavalier Estates to be approximately $244,000.00, Lincorp to be $123,000.00 and Environmental Development to be a deficit of $65,000.00 (See Stockholders Exhibit A), showing a substantial depreciation of assets during Mr. James H. Herzog's tenure.

10. On December 12, 1978 James H. Herzog was indicted, *inter alia*, for embezzling funds from said corporations.

11. On March 13, 1979 said James H. Herzog did plead nolo contendere to Count 1 of the said indictment which charged him with "knowingly and fraudulently did appropriate to his own use monies in excess of $300,000.00 belonging to said bankrupt estates, which came into his charge as Trustee." The Court found Mr. James H. Herzog guilty of this embezzlement.

12. Mr. James H. Herzog under Count 2, did plead guilty to embezzlement of $30,000.00; to Count 3 did plead guilty to embezzlement of $40,000.00; under Count 5 did plead guilty to embezzlement of $15,000.00 and to Count 7 did plead guilty to embezzlement of property upon which no monetary value was placed (See Trustee's Exhibit #1).

13. Introduced into the evidence were all of the files and records in the above entitled Chapter X cases.

14. James H. Herzog resigned as Trustee of the above entitled matter on December 12, 1978.

15. Mr. James McMerty was appointed Successor Trustee on December 15, 1978.

16. On August 6, 1979 the Honorable Jacob Dim was appointed Referee and Special Master to hear and determine the above matters of compensation relating to James H. Herzog.

17. Due notice of the above matter was mailed to creditors and other parties interested in the above matter.

18. That said James H. Herzog, former trustee, as a fiduciary, was guilty of a breach of trust as it relates to the above named corporations.

## CONCLUSIONS OF LAW

■ 1. Pursuant to Section 241 of the Bankruptcy Act "The judge may allow reimbursement for proper costs and expenses incurred . . . in a proceeding under this chapter . . . (3) by the trustee . . . ." (Chapter X) See Rule 10–215(a) and (c).

Bankruptcy Act in Comment to said Rule states that subdivision d supercedes section 48(e) of the Act. This is in error in as much as 48(e) states as follows:

"e. Withholding Compensation.—The court may, in its discretion, withhold all compensation from any receiver, trustee, attorney, or any other person who has been removed from office or dismissed because of the unlawful sharing of fees or for any other cause."

The comment is in error in that it would eliminate the Court's discretion to withhold compensation from a trustee for any other cause than the unlawful sharing of fees. This has not been eliminated by the passage of the rule.

■ 2. A trustee in Bankruptcy is a fiduciary and is subject to the highest standard of conduct to those to whom he is obligated to said trust.

3. Rule 9(k) of the Local Rules of the Bankruptcy Court for the District of North Dakota provides as follows:

(k) The trustee shall be held accountable for any unusual delays in the administration of an estate under his trusteeship, due to causes within his control, and for any unwarranted expense incurred, and for any loss to the bankrupt estate and any damage to property sustained through such delay, and in the discretion of the referee, the fees of the trustee may be disallowed in whole or in part on account of such delay and unwarranted loss or expense.

■ 4. A trustee in Bankruptcy in a reorganization case or any Bankruptcy case who embezzles from said estate, forfeits, as a matter of law, any commissions or fees and expenses which he may have earned. The standard is set as a deterrent to wrong doing. James H. Herzog committed embezzlement in the above entitled matter and he must therefore forfeit such commissions, fees and expenses as he may have earned as Trustee.

I further find in my discretion that said embezzlement works as a forfeiture of any such fees, commissions or expenses earned or claimed by Mr. Herzog. "Trustees in bankruptcy are public officers and officers

of a court, and the officers of a court, like public officers generally, must show clear warrant of law before compensation will be owing to them for the performance of their public duties." *Callaghan v. Reconstruction Finance Corp.*, 297 U.S. 464, 56 S.Ct. 519, 80 L.Ed. 804 (1936); where a trustee abuses his trust it is proper to deny him compensation. James H. Herzog abused his trust in the above entitled matter. (*In the matter of Stillwell*, 12 F.2d 205 (6th Cir. 1926).)

5. A trustee in Bankruptcy in a reorganization case or any other case who embezzles must remit to the Bankruptcy estate as a matter of law any and all fees, commissions or expenses received by him whether paid by Court Order or self help as a penalty to the estate for his wrong doing. See *Callaghan v. Reconstruction Finance Corp.*, supra; *In the matter of Perelstine*, 44 F.2d 62 (3rd Cir. 1930) which holds it is well established law that a trustee or receiver who is unfaithful to the trust, forfeits all right to compensation. As an incident to (the) embezzlement he is not entitled to any commissions.

6. A trustee in Bankruptcy in a reorganization case or any Bankruptcy case who embezzles from the estate in his charge is subject to a civil suit to recover the sums or property embezzled or appropriated by him or their value plus interest and it is this particular Court's duty to order the trustee to return the sums so embezzled or the property appropriated by said trustee.

7. A trustee who embezzles from an estate which is in his charge and who commits other indiscretions is subject to a civil suit for negligence, improprieties and other abuses of trust including damages for conflict of interest.

8. That the Successor Trustee, James McMerty is entitled to a judgment against said James H. Herzog in the amount of $718,126.01.

9. That the Successor Trustee, James McMerty, is entitled to a turnover order, ordering James H. Herzog to turnover to James McMerty, Successor Trustee, such monies or properties in addition to the compensation and expenses to be turned over which belong to the above estate and which are now in the hands of said James H. Herzog or his representatives.

10. That the above relief herein ordered is cumulative and not alternative and that the criminal charge against Mr. Herzog was additionally cumulative and was to satisfy society for violating one of its rules and was not in satisfaction of the relief to which these estates are entitled.

11. That the memorandum attached hereto is hereby included and made a part of these conclusions of law.

NOW THEREFORE IT IS ORDERED,

1. That James H. Herzog, former trustee in the above entitled estates, is not entitled to any commissions, fees or expenses by reason for his defalcations therein and his fee applications filed herein on April 10, 1979 for compensation in the amount of $470,391.25 and for expenses in the amount of $11,602.64 are denied.

2. That the compensation and expenses heretofore paid to said James H. Herzog by reason of Court Order or self help in the total amount of $718,126.00 shall be returned and remitted by the said James H. Herzog to the above estate forthwith and James McMerty, Successor Trustee herein is entitled to a judgment in favor of said estates against James H. Herzog, former trustee, in the above amount for the defalcations in the above matter by the said James H. Herzog.

3. That said James H. Herzog shall forthwith turnover to the Successor Trustee, James McMerty, any and all property now in the hands of said James H. Herzog or his representatives and in the event said property is not turned over, James McMerty, Successor Trustee, shall have the right to trace said property and recover the same.

4. That the civil suit now pending in another court by the Successor Trustee, James McMerty, against James Herzog, former trustee, may continue seeking to recover damages for negligence, abuse of trust, conflict of interest or such other matters as said Successor Trustee, James McMerty, in

his discretion may wish to pursue against the said James H. Herzog for the breach of his fiduciary trust.

## MEMORANDUM

There is an historic maxim of equity that a fiduciary may not receive compensation for services tainted by disloyalty or conflict of interest. Embezzlement is such a taint, and includes deprivation of compensation. The Supreme Court has stated on more than one occasion that the general statutory authorization in the Bankruptcy Act for "reasonable" compensation for services "necessarily implies loyal and disinterested service in the interest of those for whom the claimant purported to act." Even the trading of stock in contravention of the statute requires at least the denial of any application for past compensation then pending and the disallowance of all future compensation and forfeits any claim to reimbursement for expenses and the fact that they have already been paid under approval of the court does not necessarily preclude their recoupment. *Wolf v. Weinstein*, 372 U.S. 633, 183 S.Ct. 969, 10 L.Ed.2d 33 (1963); *Woods v. City National Bank and Trust Co.*, 312 U.S. 262, 61 S.Ct. 493, 85 L.Ed. 820 (1941).

Certainly embezzlement is a much greater disloyal service than the trading of stock and is an actual evil and not an innocent one and requires the denial and forfeiture of compensation to one who holds a fiduciary position. 'The standard of conduct for fiduciaries must be held "at a higher level than that trodden by the crowd." Mr. Justice Cardozo.

A thorough search of the case law not only by the Court but by all counsel involved has disclosed no case in which a fiduciary who has embezzled has been allowed compensation for his service, nor has any case been found which allows said fiduciary to keep any compensation previously paid to him.

Let judgment be entered accordingly.