702 F.2d 127
 James McMERTY, as Successor Trustee in the matter of Endeco,
Inc., formerly a/k/a Environmental Development Corporation
of North Dakota, a/k/a EDC, Inc., Lindcorp, Cavalier
Estates, Inc., Environmental Development Corp., Inc., and
E.D.C., Inc., Debtors, Appellee,
v.
James H. HERZOG, predecessor Trustee, individually, Appellant.
James McMERTY, as Successor Trustee in the matter of Endeco,
Inc., formerly a/k/a Environmental Development Corporation
of North Dakota, a/k/a EDC, Inc., Lindcorp, Cavalier
Estates, Inc., Environmental Development Corp., Inc., and
E.D.C., Inc., Debtors, Appellee,
v.
James H. HERZOG, predecessor Trustee, individually,
Donna Herzog, Appellant.
 Nos. 82-2224, 82-2225.
 United States Court of Appeals,
Eighth Circuit.
 Submitted March 4, 1983.
Decided March 10, 1983.
Rehearing Denied June 15, 1983.
 
 Michael D. McNair, Lamb, Schaefer, McNair & Larson, Ltd., Fargo, N.D., for appellee.
 Donna Herzog, pro se.
 James H. Herzog, pro se.
 Before LAY, Chief Judge, HENLEY, Senior Circuit Judge, and FAGG, Circuit Judge.
 HENLEY, Senior Circuit Judge.
 
 
 1
 James McMerty, the trustee in bankruptcy for Endeco, Inc., brought this action against James H. Herzog, McMerty's predecessor as Endeco's trustee, to recover funds allegedly dissipated through negligence and mismanagement by Herzog while he was trustee for Endeco. McMerty applied for a writ of attachment against all property owned by Herzog, including land known as the "Burritt land."[1] The Burritt land was owned by Herzog and his wife as joint tenants. The writ was issued on February 2, 1979. On July 17, 1979 McMerty, Herzog and Herzog's wife entered into an escrow agreement by which the Burritt land was to be sold and the proceeds placed in an escrow account with a Fargo bank, subject to the order of the district court in this lawsuit. On motion of the parties, the district court released the attachment of the Burritt land on July 18, 1979, subject to the escrow agreement. Over the next two and one-half years various matters concerning other property were considered by the district court, and litigation between the parties in other courts ended. Judgment was entered against Herzog in the bankruptcy proceedings of Endeco for over $700,000.00 after Bankruptcy Judge Jacob Dim found Herzog had violated his fiduciary duty to Endeco, and ordered him to return to the estate all compensation he had received. In Re Endeco, 1 B.R. 64 (Bkrtcy.D.N.D.1979), aff'd, No. W73-109 (D.N.D.1981), aff'd, 675 F.2d 166 (8th Cir.1982). In a lawsuit before the district court of the district of Minnesota, a constructive trust was placed on the Herzogs' home after the court found that it was purchased with Endeco funds. McMerty v. Herzog, No. 6-79-156 (D.Minn.), aff'd, 661 F.2d 1184 (8th Cir.1981), cert. denied, 455 U.S. 943, 102 S.Ct. 1439, 71 L.Ed.2d 655 (1982) (McMerty I ).
 
 
 2
 Trial was held on March 22 and 23, 1982 on McMerty's negligence claims. On August 5, 1982 the district court found for Herzog on the ground that a judgment entered by the bankruptcy court in 1979 against Herzog for over $700,000.00 covered McMerty's claims here and was res judicata. The district court reserved judgment on the issue of the money in the escrow account. Herzog's wife, Donna, moved to intervene, arguing that she and her husband owned the Burritt land in joint tenancy and that she had an interest in the escrowed funds. A hearing was held on August 27, 1982 on this issue, and on September 8, 1982 the district court ordered that the escrowed funds be released to McMerty. The district court, relying on the findings by the district court for the district of Minnesota in the action mentioned above, and on deposition testimony of the Herzogs, found that James Herzog had bought the land with Endeco funds and that Donna Herzog had not contributed to the purchase of the Burritt land. The district court then ordered the funds released to McMerty to be applied to the $700,000.00 judgment in the bankruptcy proceeding. We affirm.
 
 
 3
 The Herzogs' first argument is that the district court erred in not applying the North Dakota attachment statute, which the Herzogs claim entitled them to the escrowed funds. The statute provides in pertinent part:
 
 
 4
 RETURN OF PROPERTY--... When the defendant recovers judgment, all the money or property held by any writ of attachment shall be delivered to him, subject to the plaintiff's rights on appeal....
 
 
 5
 N.D.Cent.Code Sec. 32-08.1-20 (Supp.1981).
 
 
 6
 The writ of attachment on the Burritt land was released in July, 1979; thus North Dakota attachment law ceased to apply. The escrow agreement gave the district court authority over the escrowed funds, and since the property was not currently under a writ of attachment, the court was not bound by North Dakota attachment law in its disposition of those funds.[2]
 
 
 7
 The Herzogs' second argument for reversal is that the district court erred in considering the Herzogs' depositions. The Herzogs' depositions were not offered into evidence at the hearing on the escrowed funds, or at the trial on the merits of McMerty's claim against Herzog. However, the district court expressly considered those depositions in reaching its decision regarding Mrs. Herzog's contribution to buying the Burritt property.
 
 
 8
 While the use of these depositions arguably might have been erroneous,[3] Lovett v. Shuster, 633 F.2d 98, 102 (8th Cir.1980), the district court's finding was fully justified on other grounds put forth by the district court.
 
 
 9
 First, we note that we are only concerned with Mrs. Herzog's interest in the escrowed funds. The district court was acting well within its equitable powers when it turned over Mr. Herzog's interest to McMerty as partial satisfaction of the outstanding judgment. However, Mrs. Herzog was not a party to the action in which the judgment was issued and owes no money to McMerty. Normally she would be entitled to keep the proceeds from the sale of her interest in property. But if that property was originally bought with funds wrongfully acquired, and to which she did not contribute, she is in the position of a donee, not a bona fide purchaser, and the funds may be recovered from her. Dobbs, Remedies, Sec. 4.3 at p. 247 (1973).
 
 
 10
 The law of constructive trusts allows a victimized party to "trace" wrongfully diverted funds and to recover the funds or their proceeds. It will be imposed when property is acquired or retained in violation of a fiduciary duty. E.g., Wildfang-Miller Motors, Inc. v. Miller, 186 N.W.2d 581 (N.D.1971). The burden is on the beneficiary of the "trust" to trace the funds. See Weigel v. Rippley, 283 N.W.2d 123 (N.D.1979). Here, McMerty must have proven that the Burritt land was purchased, at least in part, see Hunt v. Pan American Energy, Inc., 540 F.2d 894, 899 (8th Cir.1976), with Endeco funds. Atlas v. United States, 459 F.Supp. 1000, 1005 (D.N.D.1978). Once this was proven, the burden shifted to Mr. and Mrs. Herzog to prove what part of the purchase price, if any, was not wrongfully diverted from Endeco. Dobbs, Remedies Sec. 5.16 at p. 425 (1973); Thompson v. Nesheim, 280 Minn. 407, 159 N.W.2d 910 (1968).
 
 
 11
 In McMerty I, a similar action between the same parties concerning a different parcel of land, Chief Judge Devitt found that between May, 1976 and August, 1978 the only non-Endeco income Herzog received was a $10,000.00 loan and a $35,000.00 trustee fee received from another bankruptcy. The Burritt land was purchased in May, 1977, at which time the Herzogs paid $100,000.00 down; in May of 1978 the Herzogs made a further payment on the contract for deed. These amounts are clearly more than the $45,000.00 non-Endeco income Herzog received during this period. Thus, the burden shifted to the Herzogs to show that non-Endeco money was used. The Herzogs submitted blanket denials that any Endeco money was used, and claimed that Mrs. Herzog had paid for part of the land. However, there was no evidence to support these claims.[4] Thus, the district court did not err when it awarded the proceeds to McMerty.
 
 
 12
 The Herzogs' third argument for reversal is that the absence of a prompt hearing after the issuance of the writ deprived him of due process. There is some facial merit to this claim. Prejudgment attachment is subject to a number of constitutional limitations which ensure that the debtor is not deprived of his property without due process. E.g., Mitchell v. W.T. Grant Co., 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974), and cases cited therein. One of the limits is that a hearing must be held either before the writ issues or promptly afterwards. W.T. Grant Co., 416 U.S. at 609-10, 94 S.Ct. at 1900-01.
 
 
 13
 The North Dakota attachment laws provide for a hearing to be held once the debtor files a "special answer," N.D.Cent.Code Secs. 32-08.1-17, 32-08.1-18. However, no time period is imposed. In this case, Herzog promptly filed a special answer requesting a hearing. Over the next five months he filed two additional requests for a hearing. No hearing was held. Finally in July the parties entered into an escrow agreement and the district court agreed to release the writ. Herzog alleges in his brief that as a result of the five-month delay he received less money for the land and incurred additional expenses.
 
 
 14
 However sympathetic we may be to Herzog's claim, it is not properly before this court. Herzog made no claim for damages as a result of the due process violation before the district court.[5] Herzog's due process argument and claim for damages cannot be asserted for the first time on appeal.
 
 
 15
 The judgment of the district court is affirmed.
 
 
 
 [1]
 The "Burritt land" is the Southwest Quarter (SW 1/4) of Section Twenty-Five (25), Township One Hundred Thirty-Nine (139), Range Forty-Nine West (29 W), Cass County, North Dakota
 
 
 [2]
 The Herzogs argue in their brief that they were coerced into signing the escrow agreement. Because this issue was not presented to the trial court, we decline to address it
 
 
 [3]
 While the use of depositions not received in evidence would normally be error, Lovett v. Shuster, 633 F.2d 98, 102 (8th Cir.1980), the circumstances of this case are such that we perceive no error. First, the issue of the disposition of the escrowed funds came before the court on the motion by both the Herzogs and McMerty for release of the funds. Both parties submitted substantial memoranda on the question, and both parties relied extensively on documents contained in the record, some of which had been introduced into evidence at the March trial and some of which had not. Both parties expressly relied on "all the files and records" of the case. Finally, we note that the depositions would have been admissible at the hearing under Fed.R.Civ.P. 32(b)
 
 
 [4]
 The depositions of Mr. and Mrs. Herzog indicate that Mrs. Herzog did not contribute to the Burritt land purchase funds
 
 
 [5]
 Herzog did raise a claim for damages before the district court in a counterclaim against McMerty for inter alia malicious interference with Herzog's efforts to sell the Burritt land. The district court dismissed all of Herzog's counterclaims